*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1770**

Dwayne Lee Wright, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent

**Filed August 8, 2016
Affirmed
Worke, Judge**

Dakota County District Court
File No. 19HA-CR-09-2001

Cathryn Middlebrook, Chief Appellate Public Defender, Carol A. Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, G. Paul Beaumaster, Assistant County Attorney, Hastings, Minnesota (for respondent)

        Considered and decided by Smith, Tracy M., Presiding Judge; Worke, Judge; and

Reilly, Judge.

UNPUBLISHED OPINION

**WORKE**, Judge

Appellant challenges the district court's denial of his petition for postconviction relief following an evidentiary hearing, arguing that his controlled-substance-crime convictions should be reversed because of testing deficiencies at the St. Paul Police Department Crime Lab (SPPDCL). Because the claims raised in appellant's postconviction petition are *Knaffla*-barred, we affirm.

## FACTS

Several times in March and April 2009, a confidential informant (CI) asked M.A. to help him purchase heroin. M.A. purchased heroin for the CI from appellant Dwayne Lee Wright. Following the last of four controlled buys, officers arrested Wright and executed a search warrant at his home. Officers found recorded buy money and evidence of controlled-substance sales activity.

Wright was charged with three counts of controlled-substance crimes, including sale and possession. Before his jury trial, Wright gave notice of his intent to use an alternative-perpetrator defense—claiming that M.A. was responsible for the controlled-substance crimes. At Wright's trial, a SPPDCL criminalist testified regarding the drug analysis she conducted on the evidence seized.

The jury found Wright guilty of the controlled-substance crimes. Wright moved for postverdict relief, claiming that his attorney failed to disclose exculpatory evidence in the form of a video. The district court denied the motion and sentenced Wright to 110 months in prison. In February 2012, Wright filed a direct appeal.

2

In May 2012, the First District Public Defender's Officer sought a hearing in consolidated matters under the case title *State v. Jensen*, to address concerns related to the SPPDCL's testing of controlled substances. When hearings began in mid-July 2012, the public became aware of the problems at the SPPDCL.

On July 13, 2012, Wright filed his brief in his direct appeal, challenging the jury instructions on accomplice testimony. On August 9, 2012, Wright filed a pro se brief, challenging the effectiveness of his counsel and the probable cause supporting the search warrant. On January 22, 2013, this court affirmed Wright's convictions.

On July 18, 2014, Wright filed a petition for postconviction relief, claiming that (1) deficient controlled-substance testing at the SPPDCL is newly discovered evidence, (2) evidence surrounding the SPPDCL's faulty testing policies and procedures was not disclosed to him, (3) the state violated his due-process rights by using unreliable scientific evidence from the SPPDCL to obtain a conviction, and (4) he received ineffective assistance of counsel because his attorney failed to discover the deficiencies at the SPPDCL. The district court granted Wright an evidentiary hearing on his newly-discovered-evidence and ineffective-assistance-of-counsel claims, but denied relief on his other claims. On August 31, 2015, the district court denied Wright's petition for postconviction relief. This appeal follows.

## DECISION

Appellate courts review a denial of a petition for postconviction relief for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is

against logic and the facts in the record." *Id.* (quotation omitted). "When reviewing a postconviction court's decisions, [this court] examine[s] only whether the postconviction court's findings are supported by sufficient evidence." *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007). But this court reviews issues of law de novo. *Id.*

The state argued to the district court and on appeal that Wright's claims are *Knaffla*-barred, but the district court declined to bar Wright from a determination on the merits of his claims. We agree with the state and conclude that Wright's claims are procedurally barred; thus, we do not consider the merits of his claims.

A postconviction petitioner is not entitled to relief for claims that he raised in his direct appeal, or for claims that he did not raise on direct appeal, but either knew or should have known about. *Id.*; *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). There are two exceptions to the *Knaffla* rule. *Leake*, 737 N.W.2d at 535. First, if a claim is known at the time of direct appeal but is not raised, it will not be barred if the claim is so novel "that its legal basis was not reasonably available when direct appeal was taken." *Id.* Second, even if a claim's legal basis was available when direct appeal was taken, it may be reviewed "when fairness so requires and when the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal." *Id.* (quotation omitted).

Here, Wright filed his direct appeal in February 2012. In May, concerns were raised regarding testing of controlled substances at the SPPDCL. By July 2012, public awareness of the issues had spread. Around the same time, on July 13, 2012, Wright filed his appellate brief in his direct appeal. On August 9, Wright filed a pro se brief.

4

Wright's claims are procedurally barred because he was either aware, or should have been aware, of the concerns about testing at the SPPDCL, but did not request a stay of his direct appeal to investigate a potential claim.[1] *See Ferguson v. State*, 645 N.W.2d 437, 441-42 (Minn. 2002) (noting that Ferguson requested a stay of his appeal to conduct further investigation into a false-testimony claim). Additionally, because the district court ruled that Wright's claims were not procedurally barred because of the close timeline of his filing his direct appeal and the news breaking of the issues at the SPPDCL, Wright does not argue that either exception would apply to overcome the bar.

**Affirmed.**

---

[1] This procedural bar applies to all of Wright's claims raised in this appeal.